IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KELVIN J. MILES, #157867 | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. AW-13-cv-1263 |
| GARY MAYNARD | * | |
| CRYSTAL SWECKER | | |
| GREG HERSHBERGER | * | |
| DENNIS MORGAN | | |
| SECURITY CHIEF MORRIS | * | |
| Defendants. | | |
| | *** | |

# **MEMORANDUM**

Kelvin Miles's ("Miles") prior civil cases illustrate that he served a cumulative 45-year sentence on rape and kidnapping convictions imposed in Maryland in 1979 and 1980. He was transferred out of Maryland on May 31, 2012, and is currently confined at a U.S. Bureau of Prisons' institution in South Carolina. On April 25, 2013, the court received for filing this 42 U.S.C. § 1983 complaint for $53,000,000.00 in damages against Maryland prison administrators and medical personnel. (ECF No. 1). Miles states that while still confined in Maryland in 2010, he was given hepatitis treatment for 48 weeks and learned that that the hepatitis was out of his system. He seemingly claims that the treatment caused him to lose pigment in his right forehead and he was diagnosed with a cancerous lump underneath his chin. Miles additionally claims that the former Commissioner of the Maryland Division of Correction Richard L. Lanham ("Lanham"), who is now assigned to the "United States Service," has been following him since 1979, causing him to be harassed and denied medical treatment. He contends that Lanham continues to attempt to turn medical staff against him at his current prison. He seeks leave to proceed without the prepayment of filing fees, the appointment of counsel, and to be brought to a hospital of his choice. *Id*.

Were this Court to substantively review the claims, it would necessarily find the Complaint

to be without merit as pleaded. However, as Miles has accumulated over three 28 U.S.C. § 1915(e) dismissals of his prison civil actions, his Complaint is subject to dismissal pursuant to this Court's authority under 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

In addition, 28 U.S.C. § 1915(g) mandates that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court interprets this provision of the Act to require that once three such dismissals under § 1915(e) or Fed. R. Civ. P. 12(b)(6) have been accumulated, a prisoner will be barred thereafter from initiating further civil actions *in forma pauperis*, unless at the time he files the action he is under imminent danger of serious physical injury.[1] *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006) *Debuc v. Johnson*, 314 F.3d 1205, 1208-09 (10th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d. 307, 313 (3rd Cir. 2001).

Given the application of the aforementioned statute, this action shall not be permitted to

---

[1] Of course, this provision does not preclude an inmate from prepaying the full filing fee to re-file claims previously rejected under §1915(g).

proceed. Review of Miles's prior § 1983 actions discloses that five of his actions were dismissed without requiring service of process on defendants because they were frivolous or had failed to state a constitutional claim for federal district court consideration.[2] In *all* five cases, Plaintiff was granted leave to proceed *in forma pauperis* pursuant to § 1915(a). In light of these previous "strikes" and the fact that Plaintiff's instant allegations plainly do not meet the "imminent danger" exception, this action shall be dismissed pursuant to § 1915(g).[3] Plaintiff shall be denied leave to proceed without the prepayment of court costs. He may, however, resume any claims dismissed under § 1915(g) under the fee provisions of 28 U.S.C. § 1914 applicable to all litigants.

      A separate Order reflecting this opinion shall follow.

Date: May 3, 2013                      /s/
                                          Alexander Williams Jr.
                                          United States District Judge

---

[2] In reaching such a decision, the court relies upon the prior orders of dismissal set out in *Miles v. Reginoe, et al.*, Civil Action No. S-94-2663 (D. Md.); *Miles v. Robinson, et al.*, Civil Action No. S-95-899 (D. Md.); *Miles v. Chance*, Civil Action No. S-95-1163 (D. Md.); *Miles v. Robinson, et al.*, Civil Action No. S-96-695 (D. Md.); and *Miles v. Governor, et al.,* Civil Action No. S-96-1921 (D. Md.). *See Evans v. Illinois Dep't of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998) (district court must cite specific case information upon which it issues a § 1915(g) dismissal).

[3] If Miles believes he is not currently receiving the appropriate medical care from the Federal Correctional Institution at Estill, he may file a complaint seeking waiver of the § 1915(g) bar in the District of South Carolina at the Hollings Judicial Center, 83 Meeting Street, Charleston, S.C. 29401.